SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

US DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED
MAY 21 2013
CHRISTA K. BERRY, CLERK
BY
DEPUTY CLERK

**UNITED STATES OF AMERICA**

**v.**

**CAROLE OREM-HOUGH.**

**Case No: 2:13-cr-**83-GZS

**GOVERNMENT'S PROSECUTION VERSION**

If this case proceeded to trial, the Government would prove beyond a reasonable doubt the following:

1. During the years 2008 through 2011, the defendant, Dr. Carole Orem-Hough, Ph.D., was a licensed psychologist who provided mental health counseling to clients in South Portland, Maine. Her practice was incorporated as COH, Inc., which did business as Casco Bay Psychotherapy.

2. Many of the defendant's patients had health insurance that included mental health counseling through insurance companies such as Aetna, Harvard Pilgrim Health Care, Anthem Blue Cross and Blue Shield, and OptumHealth Behavioral Solutions. These health plans were considered health care benefit programs as that term was defined in 18 U.S.C. § 24.

3. In order for the defendant to bill the insurance companies for services rendered, she had to apply to become a participating provider which required her to agree to plan rules or sign contracts that set forth the covered services, the rates of reimbursement, and the plan limitations. In general, these plans agreed to pay participating providers for certain health care services, subject to limitations, such as the amount they would reimburse per session and the number of sessions they would reimburse for each calendar year.

4. The defendant billed health care benefit programs by submitting a standardized paper or electronic health insurance claim form. The claim form required the provider to identify the patient's name, the dates of service, the identity of person providing the services, the condition or injury that was diagnosed, and the treatments or services provided.

5. In August 2011, a former patient who was experiencing significant distress called the defendant to resume treatment sessions. The defendant knew that the patient had previously worked as a billing representative for a health care provider. The defendant met with the patient for several counseling sessions in August 2011. In September of 2011 during a counseling session with this patient, the defendant told the patient that she was double-billing the patient's insurance company, Aetna, because Aetna reimbursed the defendant about half of what she received from other insurance companies. When the patient reviewed the Explanation of Benefits (EOB) statements she received from Aetna, she discovered that in 2010 and 2011 the defendant billed her insurance company for approximately 40 counseling sessions that had fraudulent dates. According to the patient, during this period she saw the defendant at most one day per week. However, the claims submitted by the defendant indicated that the defendant provided counseling services to this patient on two days per week.

6. Later in September during a telephone conversation, the Aetna patient told the defendant that what the defendant was doing was stealing because she made a promise to Aetna to accept Aetna's billing rates. The patient further stated that when she told the defendant that double billing was "stealing," the defendant responded that it was "just insurance" and that there was no harm to the patient because the defendant did not charge her a co-payment for those

dates. The defendant also stated that she double-billed Harvard Pilgrim patients for the same reason.

7. On a later date the defendant told the patient that she would make it up to the patient by giving her a free session for every false claim she submitted in this patient's name. The defendant later left this patient several voice mail messages during which she stated that her actions were stupid and wanted to make it up to the insurance companies. The defendant ceased submitting false claims to insurance companies after this.

8. Aetna, Harvard Pilgrim Health Care, Anthem Blue Cross and Blue Shield and OptumHealth Behavioral Solutions provided records to the Government regarding claims for reimbursement submitted by the defendant between 2008 and 2011. These records were then compared with records obtained from the defendant's corporation, COH, Inc., which included appointment records, billing records and patient notes that reflected the dates that defendant met with her patients.

9. Owen Colomb, an investigator employed by the U.S. Attorney's Office, would testify that his review of the insurance company records and the defendant's records revealed a pattern of fraudulent billing by the defendant that corroborated the information provided by the patient as set forth above as well as similar information provided by other patients.

10. More specifically, the records included several instances in which the defendant submitted claims for providing counseling services to a patient on two days per week but the patient's file showed no treatment notes for the one of the two sessions and/or no record that the defendant collected a co-payment from the patient for one of the two sessions, which is evidence that the defendant only saw that patient on one of the two days. Other claims were determined to

be fraudulent because the patient's file indicated that the patient was terminating his or her treatment and that the patient's "last session" was on a particular date. However, the defendant continued to submit claims for purported services provided to the patient after the patient's "last session."

11. Investigator Colomb calculated losses to the insurance companies in the following amounts set forth below for the time period September 2008 to September 2011. The defendant attempted to repay Aetna for certain claims with a check in the amount of $2,075 but Aetna returned this check.

| Patient Number | Insurer | Loss Per Patient | Total |
|---|---|---|---|
| BBRCMBGA | Aetna | $640.00 | |
| BBRB53HA | Aetna | $3,315.00 | |
| BBRZ1XXA | Aetna | $4,470.00 | |
| 796237900004067000 | Aetna | $1,125.00 | |
| 00005784507 | Aetna | $450.00 | |
| BBP72VJA | Aetna | $1,040.00 | |
| 00007962379 | Aetna | $2,000.00 | |
| 00218665497 | Aetna | $4,179.00 | |
| 00007808074 | Aetna | $585.00 | |
| BBR4Z56A | Aetna | $70.00 | |
| 00352707791 | Aetna | $1,176.00 | |
| | | **Aetna Total** | $19,050.00 |
| 0445M498921 | Anthem | $2,204.41 | |
| 0022M498391 | Anthem | $1,108.46 | |
| 0459M496811 | Anthem | $1,745.73 | |
| 00002642551 | Anthem | $2,368.07 | |
| 0083M499781 | Anthem | $227.08 | |
| 0900M495831 | Anthem | $1,055.25 | |
| 0000287218A | Anthem | $336.75 | |
| 4206F0535000 | Anthem | $3,615.70 | |
| 0000A43160B | Anthem | $573.50 | |
| 0000A66931B | Anthem | $224.84 | |
| AN0324750000 | Anthem | $372.81 | |
| 0123M497051 | Anthem | $1,534.81 | |
| 0719M495571 | Anthem | $5,324.23 | |
| AN2484528000 | Anthem | $842.78 | |

| Patient Number | Insurer | Loss Per Patient | Total |
|---|---|---|---|
| 0768M497661 | Anthem | $325.71 | |
| 0444M200592 | Anthem | $1,217.60 | |
| 740001988000 | Anthem | $1,092.70 | |
| AN0323877000 | Anthem | $1,725.46 | |
| 0370M498331 | Anthem | $756.14 | |
| AN0262346000 | Anthem | $3,232.37 | |
| 0219M496122 | Anthem | $793.67 | |
| | | **Anthem Total** | $30,678.07 |
| HPP582163-0 | Harvard Pilgrim | $2,405.00 | |
| HP2218401-0 | Harvard Pilgrim | $275.00 | |
| HPP585360-0 | Harvard Pilgrim | $1,200.00 | |
| HPP549591-2 | Harvard Pilgrim | $600.00 | |
| HP2494368-0 | Harvard Pilgrim | $825.00 | |
| HP2356771-0 | Harvard Pilgrim | $275.00 | |
| HP1754024-0 | Harvard Pilgrim | $3,520.00 | |
| HP1754024-1 | Harvard Pilgrim | $55.00 | |
| HPP597972-0 | Harvard Pilgrim | $240.00 | |
| HPP597965-0 | Harvard Pilgrim | $1,260.00 | |
| HPP610026-1 | Harvard Pilgrim | $45.00 | |
| HP0399226-1 | Harvard Pilgrim | $1,020.00 | |
| HP0325872-0 | Harvard Pilgrim | $4,380.00 | |
| HP1740645-0 | Harvard Pilgrim | $2,800.00 | |
| | | **Harvard Pilgrim Total** | $18,900.00 |
| 7681133 | OptumHealth | $857.50 | $857.50 |
| | | | |
| | | **Total** | **$69,485.57** |

Dated at Portland, Maine, May 3, 2013.

Respectfully submitted,

THOMAS E. DELAHANTY II
UNITED STATES ATTORNEY

James W. Chapman, Jr.
Assistant United States Attorney